IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL DANIEL RUFF,                        )
                                            )
      Petitioner,                           )
                                            )
v.                                          )   CIVIL ACTION NO.: 2:12-CV-410-WHA
                                            )                   [WO]
STATE OF ALABAMA, *et al.*,                 )
                                            )
      Respondents.                          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

      This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Michael Ruff, on May 4, 2012.[1]  In this petition, Petitioner challenges matters associated with the October 29, 2010, revocation of his probation on a felony DUI conviction entered against him by the Circuit Court for Montgomery County on October 4, 2006.[2]  *Doc. No. 1.* The trial court sentenced Petitioner for that conviction on October 27, 2006, to ten years, split under the Alabama Split Sentence Act, Ala. Code § 15-18-8, requiring that Petitioner serve three years' imprisonment followed by three years' probation.[3]  *Doc. No. 12, Exhs. A, B, C.*

---

[1] Although the present petition was stamped "filed" in this court on May 7, 2012, the petition was signed by Petitioner on May 4, 2012.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Ruff] signed it . . . ."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers May 4, 2012, as the date of filing.

[2] The court docket reflects that during the pendency of this action Petitioner was released from custody.

[3] Because Petitioner states unequivocally that he is not challenging his 2006 conviction in the instant proceeding, the court addresses only matters associated with his October 29, 2010, revocation proceedings which is when, Petitioner claims, the trial court imposed a new ten year sentence which he seeks to challenge in this matter. *Doc. No. 13* at 1-4.

On October 8, 2010, during the probationary period of his sentence, Petitioner was advised in open court he had violated a condition of his probation. Following a revocation hearing on October 29, 2010, the trial court revoked Petitioner's probation and ordered that he serve the remainder of his split sentence. Petitioner did not appeal his probation revocation. He subsequently filed a Rule 32 petition with the trial court on August 4, 2011. The trial court denied Petitioner's request for indigent status on October 29, 2011, and no further action on the petition was taken. *Doc. No. 12, Exhs. B, H, I, J, K.*

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because Petitioner's probation was revoked on October 29, 2010—after the effective date of the statute of limitations—he must have filed his § 2254 petition within one year of this proceeding, exclusive of the time that any properly filed state post-conviction petition or other collateral review was pending in the state courts. Respondents concede that Petitioner filed a Rule 32 petition in the Circuit Court for Montgomery County, Alabama, on August 4, 2011. Even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. *Doc. No. 12. See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-35 n.4 (11th Cir. 2001).

Based on Respondents' answer, the court entered an order advising Petitioner he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Doc. No. 16.* The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id.* Petitioner filed responses to

Respondents' answer. *See Doc. Nos. 13, 17.* Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

*A. The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year period of limitation on petitions filed under 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged

judgment expired. The trial court revoked Petitioner's probation on October 29, 2010.  Petitioner did not appeal the revocation of his probation. Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his probation revocation.  By operation of law, Petitioner's probation revocation became final on December 11, 2010—forty-two days after his probation was revoked as this is the date on which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year period of limitation in section 2244(d)(1)(A), therefore, began to run on this date.  *Doc. No. 12, Exh. 8*.

 *i. Statutory Tolling*

 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 236 days after Petitioner's probation revocation became final until he filed a Rule 32 petition with the trial court on August 4, 2011.  On August 30, 2011, the trial court denied Petitioner's request for indigent status,  the petition was disposed of, and no further action on the petition was taken.  *Doc. No. 12, Exhs. I, J. K*.  Petitioner did not appeal the trial court's decision, and thus, his Rule 32 petition became final 42 days later, on October 12, 2011, after the time for filing an appeal had run. As of the aforementioned date, Petitioner had 129 days of the limitation period remaining within which to file a federal habeas petition challenging the revocation of his probation  The court, therefore, concludes that the time allowed Petitioner for filing a federal habeas petition on his probation revocation expired on February 19, 2012.  Petitioner filed this federal habeas application on May 4, 2012—seventy-four days, or two months and fourteen days, after the limitation period had expired.

*ii. Equitable Tolling*

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). The diligence required is "reasonable diligence," not "maximum feasible diligence," *see Holland*, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing

[the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*; *see Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001).

On September 13, 2012, the court granted Petitioner twenty-one days to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d). Petitioner filed a response on October 16, 2012.[4] In his response, Petitioner states the trial court revoked his probation on October 29, 2010, to serve the remainder of his split sentence, and he filed a Rule 32 petition with the trial court on August 22, 2011, within the one-year limitation period. *Doc. No. 17* at 2. Whether Petitioner's Rule 32 petition was timely filed in state court, the limitation period applicable to the instant proceeding is the federal limitation period under § 2244(d). Under the federal limitation period found in § 2244(d), Petitioner's federal habeas petition is untimely for the reasons explained.

The court concludes that Petitioner has presented no credible basis for either equitable or statutory tolling of the limitation period. The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to

---

[4] Petitioner also filed a response on July 5, 2012, prior to entry of the court's September 13, 2012, order. *See Doc. No. 13*.

call into action the powers of the court.'  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence."  *Drew*, 297 F.3d at 1291 n.5; *Holland*, 560 U.S. at 649. Consequently, the undersigned finds there is no basis on which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling.  *See Sandvik*, 177 F.3d at 1271.

Petitioner filed the instant petition for federal habeas corpus relief on May 4, 2012. Under the facts of this case, the time allowed Petitioner for filing a federal habeas petition seeking to challenge matters associated with the October 29, 2010, revocation of his probation expired on February 19, 2012.  The limitation period, therefore, expired over two months prior to Petitioner filing this federal habeas action, and he has failed to demonstrate that his petition should not be dismissed as untimely filed.[5]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Michael Ruff be DENIED as it was not filed within the period of limitation established by applicable federal law; and

2.  This case be DISMISSED with prejudice.

---

[5] Regarding Petitioner's assertion about a "new sentence" arising from his October 2010 revocation proceeding, as he correctly points out, following the revocation of his probation on October 29, 2010, the trial court directed that he "*serve the remainder of his split [sentence]*" as originally imposed on his 2006 DUI conviction. *See Doc. No.17* at 2 (emphasis added). *See also Doc. No. 12, Exh. H.*  The court did not impose a new ten year sentence. The conviction reports submitted in support of Petitioner's petition (*Doc. No. 1*, Attachments at 1-3) reflect that when the trial court revoked Petitioner's probation, it imposed the term of his original 2006 sentence. *See Id.* Thus, after the trial court revoked his probation on October 29, 2010, and ordered him to serve the remainder of his split, Petitioner was simply required to serve the applicable amount of time remaining on his original ten year sentence. The trial court did not impose a "new" sentence nor did it increase Petitioner's sentence beyond the original sentence imposed in 2006. As the trial court did not impose a "new" sentence during Petitioner's revocation proceedings, there is no factual basis for any claim seeking to assert a challenge in this regard.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 27, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 13th day of March, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE